STATE OF TENNESSEE

# Office of the Attorney General



**ROBERT E. COOPER, JR.**
ATTORNEY GENERAL AND REPORTER

CORDELL HULL AND JOHN SEVIER STATE
OFFICE BUILDINGS

MAILING ADDRESS
P.O. BOX 20207
NASHVILLE, TN 37202

**LUCY HONEY HAYNES**
CHIEF DEPUTY ATTORNEY GENERAL

**LAWRENCE HARRINGTON**
CHIEF POLICY DEPUTY

**BILL YOUNG**
SOLICITOR GENERAL

TELEPHONE (615) 741-3491
FACSIMILE (615) 741-2009

October 7, 2013

**Via Electronic Case Filing**
Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Standard & Poor's Rating Agency Litigation*, No. 13-MD-2446 (JMF) (All Cases)
This Document Relates to:   *McGraw-Hill Cos. v. Cooper*, 1:13 Civ. 4100
*McGraw-Hill Cos. v. Wilson*, 1:13 Civ. 4051

Dear Judge Furman:

I write to the Court to submit additional information regarding the questions raised by the Court in connection with South Carolina's and Tennessee's motions to dismiss the declaratory judgment actions filed by S&P. In particular, we submit the following additional authority where courts in this Circuit have declined to hear a declaratory judgment action in favor of the pending state court action.

"The fact that a federal declaratory judgment action is filed shortly before the parallel state court action does not automatically require the federal court to exercise declaratory relief jurisdiction." 12 James Wm. Moore et al., *Moore's Federal Practice*, ¶ 57.42[2][b][i][B] (2013). The Second Circuit and courts in this District have both abstained in favor of pending state court proceedings by relying on the third factor, avoidance of piecemeal litigation, found under the six factor abstention doctrine outlined by the Supreme Court in *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See, e.g.*, *De Cisneros v. Younger*, 871 F.2d 305 (2d Cir. 1989) (affirming stay of federal suit for negligence and breach of implied warranty in favor of pending state cases); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 659 (S.D.N.Y. 1997) (in abstaining in favor of state court proceeding, court noted that "avoidance of piecemeal litigation is a decisive factor favoring abstention" and that the "mere fact that [the federal] action was commenced prior to the Feidelson State Action does not favor retention of jurisdiction.").

Honorable Jesse M. Furman
Page 2
October 7, 2013

*Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003), is also instructive on this point from the analogous context of a foreign proceeding. In *Dow Jones*, after the defendant threatened to file defamation litigation in the United Kingdom, the plaintiff filed a declaratory judgment action in the Southern District of New York. Five days later, the declaratory judgment defendant filed a libel action against the plaintiff in a London court. In evaluating the case, the court considered five factors that the Second Circuit considers in evaluating the propriety of a declaratory judgment action when foreign proceedings are pending, and exercised its discretion to abstain from hearing the case in favor of the foreign court proceedings. The court held that "[i]n the final analysis, what Dow Jones' resort to the DJA amounts to is an anticipatory interposition of a defense as affirmative armor to ward off damages from a potential tort action by preemptively procuring a federal declaration of non-liability." *Dow Jones*, 237 F. Supp. at 425-6. Notably, the court also looked to the Supreme Court's guidance in *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952) in evaluating the propriety of its decision to refrain from interfering in the conflict between the parties. *Id.*

"The court may refuse to give such relief if the [declaratory] judgment sought would not settle the controversy between the parties, or would cause inconvenience to some of them, or when the declaratory-judgment action is being used for 'procedural fencing.'" 20 Charles Allen Wright & Mary Kay Kane, *Federal Practice & Procedure Deskbook* § 106 (2012) (collecting cases). "The anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure,' as '[i]t deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse,'" *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 79 (D.C. Cir. 2009) (quoting *Hanes Corp. v. Millard*, 531 F.2d 585, 593 (D.C. Cir. 1976)).

Finally, the States submit that the equitable nature of the declaratory judgment remedy has a bearing on this matter. "[T]he declaratory judgment and injunctive remedies are equitable in nature, and other equitable defenses may be interposed. If a multiplicity of suits are undertaken in order to harass the Government or to delay enforcement, relief can be denied on this ground alone." *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Notably, in *Abbott*, the Supreme Court cited several cases for this proposition, including cases where the referenced pending court proceedings were state court proceedings. 387 U.S. at 155 (citing *Maryland Cas. Co. v. Consumer Fin. Serv. of Pa.*, 101 F.2d 514 (referring to state court proceeding filed in the Court of Common Pleas of Luzerne County, Pennsylvania at time defendant sought federal declaratory judgment and fact that other parties had threatened to file their own state court proceedings); Note, *Availability of a Declaratory Judgment When Another Suit is Pending*, 51 Yale L. J. 511 (1942)).

The policies which govern a court's exercise of its discretion over a declaratory judgment proceeding should apply with equal force regardless of whether the related pending proceedings are in a federal, state, or foreign tribunal.

Honorable Jesse M. Furman
Page 3
October 7, 2013

    We thank the Court for its consideration of this issue.

                                          Respectfully submitted,

                                          Olha N.M. Rybakoff
                                          Lead Counsel

cc: All Counsel of Record (by electronic mail)