CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | ANN S. MAKICH | HOWARD G. SLOANE |
| L. HOWARD ADAMS | STEPHEN A. GREENE | FACSIMILE: (212) 269-5420 | JONATHAN I. MARK | JOSIAH M. SLOTNICK |
| ROBERT A. ALESSI | JASON M. HALL | | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| HELENE R. BANKS | WILLIAM M. HARTNETT | | WILLIAM J. MILLER | SUSANNA M. SUH |
| ANIRUDH BANSAL | CRAIG M. HOROWITZ | 1990 K STREET, N.W. | NOAH B. NEWITZ | ANTHONY K. TAMA |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | WASHINGTON, DC 20006-1181 | MICHAEL J. OHLER | JONATHAN D. THIER |
| SUSAN BUCKLEY | TIMOTHY B. HOWELL | (202) 862-8900 | ATHY A. O'KEEFFE | JOHN A. TRIPODORO |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | FAX: (202) 862-8958 | DAVID R. OWEN | GLENN J. WALDRIP, JR. |
| JAMES J. CLARK | ELAI KATZ | | JOHN PAPACHRISTOS | HERBERT S. WASHER |
| BENJAMIN J. COHEN | THOMAS J. KAVALER | | LUIS R. PENALVER | MICHAEL B. WEISS |
| STUART G. DOWNING | BRIAN S. KELLEHER | AUGUSTINE HOUSE | DEAN RINGEL | S. PENNY WINDLE |
| ADAM M. DWORKIN | DAVID N. KELLEY | 6A AUSTIN FRIARS | JAMES ROBINSON | COREY WRIGHT |
| JENNIFER B. EZRING | CHÉRIE R. KISER* | LONDON, ENGLAND EC2N 2HA | THORN ROSENTHAL | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | EDWARD P. KRUGMAN | (011) 44.20.7920.9800 | TAMMY L. ROY | ADAM ZUROFSKY |
| JONATHAN J. FRANKEL | JOEL KURTZBERG | FAX: (011) 44.20.7920.9825 | JONATHAN A. SCHAFFZIN | |
| BART FRIEDMAN | ALIZA R. LEVINE | | JOHN SCHUSTER | |
| CIRO A. GAMBONI | JOEL H. LEVITIN | | MICHAEL A. SHERMAN | *ADMITTED IN DC ONLY |
| WILLIAM B. GANNETT | GEOFFREY E. LIEBMANN | WRITER'S DIRECT NUMBER | DARREN SILVER | |

(212) 701-3621

October 9, 2013

Re: *In re Standard & Poor's Rating Agency Litigation*, No. 13-MD-2446 (JMF)

*This Document Relates to:*

*The McGraw-Hill Companies, Inc., et al. v. Cooper*, No. 13 Civ. 04100 (JMF)

*The McGraw-Hill Companies, Inc., et al. v. State of South Carolina*, No. 13 Civ. 04052 (JMF)

Dear Judge Furman:

      I write on behalf of McGraw Hill Financial, Inc. (formerly The McGraw-Hill Companies, Inc.) and Standard & Poor's Financial Services LLC to respond to the letter brief submitted by the Tennessee Office of the Attorney General on October 7. At oral argument on October 4, the Court asked counsel for Tennessee and South Carolina two questions: (1) whether their "improper anticipatory filing" argument had been applied to require dismissal where cases are pending in state and federal courts and (2) how the States' position can be squared with the recent Second Circuit decision in *Kanciper v. Suffolk Cnty. Soc'y for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88 (2d Cir. 2013), regarding claims splitting where there are pending federal and state court cases. With all due respect, we do not think the States' letter brief even addresses those questions.

      The States' letter cites no cases in which their "improper anticipatory filing" argument has been applied to require abstention in the federal/state court context. That is not surprising. The improper anticipatory filing rule is an exception to the first-to-file rule, but the "first-to-file doctrine applies to concurrent federal litigation — not concurrent state/federal litigation." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001).

CAHILL GORDON & REINDEL LLP

- 2 -

    Instead of answering the Court's inquiry concerning whether their improper anticipatory filing argument has ever been applied to a case involving parallel federal/state proceedings, the States cite to general language from a variety of cases applying a variety of abstention doctrines that are inapplicable here or, to the extent applicable, support the exercise of federal jurisdiction over these actions. For example, they cite to *De Cisneros v. Younger*, 871 F.2d 305 (2d Cir. 1989) and *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652 (S.D.N.Y. 1997), which apply the six-factor *Colorado River* test; *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), which involves a foreign court proceeding and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); and *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72 (D.D.C. 2009), which cites *Wilton* but involves two parallel federal actions. They also cite *Abbott Labs v. Gardner*, 387 U.S. 136, 155 (1967), for dicta concerning a court's authority to deny declaratory relief where a "multiplicity of suits are undertaken in order to harass the Government or to delay enforcement" but that is not the case here. *See also Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237 (1952) (involving claims within a single federal court action); *Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. 1976) (same); *Maryland Cas. Co. v. Consumers Fin. Serv.*, 101 F.2d 514 (3d Cir. 1938) (finding that district court should have exercised jurisdiction over declaratory judgment action notwithstanding state court proceedings).

    The States refer to isolated factors in these cases, rather than addressing the well-settled multi-part tests. For example, they cite *De Cisneros* and *Am. Alliance Ins. Co.* for one of the factors in the six-factor *Colorado River* doctrine and then cite *Dow Jones & Co.* for one factor in a multi-factor test regarding a pending foreign action. If the States are somehow trying to assert (for the first time) that these actions should be dismissed under the *Colorado River* abstention doctrine, this argument necessarily fails as the States have not identified any "exceptional circumstances" sufficient for this Court to surrender federal jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012). "'Only the clearest of justifications will warrant dismissal,'" *id.* (quoting *Colorado River*, 424 U.S. at 818-19). The fact that the federal actions were filed in anticipation of the state actions — the only justification offered by the States — has never, to our knowledge, been held to satisfy *Colorado River*'s six-factor test.

    The States did not respond in their letter to the Court's question about how their position could be squared with *Kanciper*. Indeed, they did not even mention *Kanciper* in their letter. Again, this is not surprising because there is no good answer. The Second Circuit could not have been clearer: "the District Court's decision to dismiss a federal claim because of a similar pending *state* court litigation was in error." 772 F.3d at 89. According to the court, "while plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant *as between state and federal courts*, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 92 (citations and internal quotation marks omitted).

CAHILL GORDON & REINDEL LLP

- 3 -

       In short, none of the cases cited in the States' letter support the contention that these actions, which were brought in federal court, may be dismissed as improper anticipatory filings. Rather, the States' letter only further obfuscates the issue by citing a hodgepodge of inapplicable cases. Unsurprisingly, the answer to the Court's question, "does it have a name[?]" (Tr. 44:3) is "no" because "it" does not exist.

                                             Respectfully submitted,

                                             Floyd Abrams

Hon. Jesse M. Furman  
United States District Court  
for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Centre Street, Room 2202  
New York, NY 10007

cc:    Olha N.M. Rybakoff, Esq.  
       Tennessee Attorney General's Office  
       P O Box 20207  
       Nashville, TN 37202-0207

       Joshua M. Rubins, Esq.  
       Satterlee Stephens, Burke & Burke LLP  
       230 Park Avenue  
       New York, NY 10169